IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Ruth C. Counts, n/k/a Ruth Chaplin, | ) | CA No. 8:22-1509-HMH |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Mr. Cooper, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant Nationstar Mortgage, LLC d/b/a Mr. Cooper's ("Nationstar") motion to dismiss for failure to state a claim. For the reasons set forth below, the court grants in part and denies in part the Defendant's motion.

Plaintiff Ruth C. Counts n/k/a Ruth Chaplin ("Chaplin") filed this action asserting claims for an accounting and violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605. Chaplin alleges that the mortgage loan ("subject loan") on her property is serviced by Nationstar. (Compl. ¶ 14, ECF No. 1-1.) Chaplin alleges that due to numerous transfers of the subject loan, she "became concerned that the outstanding principal balance remaining on the subject loan was incorrect." (Id. ¶ 9, ECF No. 1-1.) Chaplin submits that on December 13, 2021, she sent Nationstar a "Qualified Written Request" ("QWR") pursuant to RESPA,12 U.S.C. § 2605(e)(1)(B), via Certified Mail "stating that the Defendant has been rejecting the Plaintiff's payment and Plaintiff asked for, among other things, a copy of the Note and a complete copy of the payment history for the subject loan." (Id. ¶ 10, ECF No. 1-1.) To date, Chaplin alleges that Nationstar has not responded to the QWR. (Id. ¶ 11, ECF

No. 1-1.) In the instant action, Chaplin requests "a clear and accurate accounting of the subject Note." (Id. ¶ 17, ECF No. 1-1.) Further, Chaplin alleges that Nationstar violated section 2605(k)(1)(C) of RESPA in failing to respond to her QWR. Section 2605(k)(1)(C) provides that

> A servicer of a federally related mortgage shall not–
>
> * * *
>
> (C) fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties . . . .

12 U.S.C. § 2605(k)(1)(C).

On June 21, 2022, Nationstar filed a motion to dismiss for failure to state a claim, arguing that Chaplin is not entitled to an accounting because it owes no fiduciary duty to Chaplin. (Mot. Dismiss, ECF No. 11.) Further, Nationstar argues that Chaplin failed to allege sufficient information to show that she sent a valid "Qualified Written Request" and failed to allege any actual damages. Plaintiff filed a response in opposition on July 5, 2022. (Resp. Opp'n, ECF No. 14.) Nationstar filed a reply on July 12, 2022. (Reply, ECF No. 15.) This matter is ripe for consideration.

To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (internal quotation marks

omitted). While a complaint "does not need [to allege] detailed factual allegations," pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Under limited circumstances, a court may consider documents beyond the complaint without converting the motion to dismiss to one for summary judgment. Goldfarb v. Mayor & City Council of Baltimore, 791 F.3d 500, 508 (4th Cir. 2015). A court may properly consider documents that are "explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits, [a]nd . . . document[s] submitted by the movant that [are] not attached to or expressly incorporated in a complaint, so long as the document[s] [are] integral to the complaint and there is no dispute about the[ir] [] authenticity." Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 166 (4th Cir. 2016) (citations omitted).

Chaplin's claim for an accounting fails. "[A]n accounting is designed to prevent unjust enrichment by disclosing and requiring the relinquishment of profits received as the result of a breach of a confidential or fiduciary duty." Rogers v. Salisbury Brick Corp., 382 S.E.2d 915, 917 (S.C. 1989) (citation omitted). An accounting is utilized in three situations: (1) "to prevent unjust enrichment by disclosing and requiring the relinquishment of profits received as the result of a breach of a confidential or fiduciary duty"; (2) in an action "involving long and complicated accounts where it would not be practicable for a jury to comprehend the issues and correctly make adjustments"; and (3) where there is a need for discovery. Id. at 917. "Courts have consistently held that banks and mortgage servicers do not owe customers a fiduciary duty."

Ayres v. Ocwen Loan Servicing, LLC, Civil No. WDQ-13-1597, 2014 WL 4269051, at *4 (D. Md. Aug. 27, 2014) (unpublished"); Sparrow v. Bank of Am., N.A., C/A No. JFM-14-0388, 2014 WL 4388350, at *11 (D. Md. Sept. 4, 2014) ("[T]he relationship between a borrower and a bank is not fiduciary in nature.") (unpublished), aff'd, 600 F. App'x 187 (4th Cir. 2015); see also Webber v. Maryland, Civil No. RDB-16-2249, 2017 WL 86015, at *4 (D. Md. Jan. 10, 2017); GSH of Alabama, LLC v. Southstar Fin., LLC, C/A No. 2:17-CV-02689, 2018 WL 1335189, at *3 (D.S.C. Mar. 15, 2018) (unpublished). Further, there is no allegation that this is a long and complicated account and the information regarding the subject loan cannot be obtained through the discovery process. GSH of Alabama, LLC, 2018 WL 1335189, at *3 ("Courts routinely deny requests for an accounting where the plaintiffs fail to sufficiently allege that they are unable to acquire the information requested through standard discovery."). Therefore, this claim is dismissed.

As to Nationstar's motion to dismiss Chaplin's claim that it violated § 2605(k)(1)(C) of RESPA in failing to respond to her QWR for information, the motion is denied. Nationstar argues that "Plaintiff fails to provide sufficient information to show that she sent a valid QWR and she fails to allege actual damages." (Mem. Supp. Mot. Dismiss 5, ECF No. 11-1.) In her complaint, Chaplin alleges that "[o]n or about December 13, 2021, in order to obtain the accurate principal balance remaining on the subject loan, the Plaintiff sent the Defendant via Certified Mail a Qualified Written Request stating that the Defendant has been rejecting the Plaintiff's payments and Plaintiff asked for, among other things, a copy of the Note and a complete copy of the payment history for the subject loan." (Compl. ¶ 10, ECF No. 1-1.) At the

motion to dismiss stage, Chaplin has sufficiently alleged that she sent a valid QWR for information based on the allegations set forth in her complaint.

Furthermore, Chaplin has attached her alleged written request seeking information regarding the subject loan and evidence of mailing to her response in opposition to Nationstar's motion to dismiss. (Resp. Opp'n Ex. 1, ECF No. 14-1.) The letter identifies the account number, indicates that it is a "Notice of Error request," requests her payment history, and states that Nationstar has been refusing to accept her payments on the subject loan. (Id. Ex. 1, ECF No. 14-1.)

> To qualify as a QWR, a document must be a written correspondence that contains either (1) a statement of the reasons for the borrower's belief the account is in error or (2) sufficient detail regarding the information requested by the borrower. Further, a QWR must identify the account of the borrower that is disputed. However, RESPA does not require the borrower to explicitly state details such as the account number; rather, it allows for the QWR to include information that otherwise enables the servicer to identify the account.

Morgan v. Caliber Home Loans, Inc., 26 F.4th 643, 649 (4th Cir. 2022) (internal citations and quotations omitted).

Nationstar argues that the court should not consider the alleged QWR attached to Chaplin's response to the motion to dismiss because it was not attached to the complaint and Chaplin is improperly attempting to amend her compliant by attaching the alleged QWR. (Reply 3, ECF No. 15.) The Plaintiff's complaint alleges that she sent a QWR via certified mail to Nationstar. (Compl. ¶ 10, ECF No. 1-1.) The court finds that although not explicitly incorporated into the complaint, the alleged QWR is integral to the complaint. The court may "consider documents that are explicitly incorporated into the complaint by reference, and those attached to the complaint as exhibits." Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 166

(4th Cir. 2016) (citing Fed. R. Civ .P. 10(c)); Tinsley v. OneWest Bank, FSB, 4 F. Supp. 3d 805, 819 (S.D. W. Va. 2014) (citation omitted) ("[T]he court may consider documents extrinsic to the complaint if they are integral to and explicitly relied on in the complaint and if there is no dispute as to their authenticity."). Taking into account the letter request that Chaplin attached to her response, Chaplin plainly has alleged that she sent a QWR to Nationstar. In addition, Chaplin sufficiently alleges that she has suffered damages because Nationstar is refusing to accept payments on the subject loan. (Compl. ¶ 10, ECF No. 1-1.)

The court sua sponte grants leave to Chaplin to file the letter and evidence of mailing as an exhibit to the complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure.

Therefore, it is

**ORDERED** that Nationstar's motion to dismiss, docket number 11, is granted in part and denied in part.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
July 13, 2022